UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HOSEY COLBERT, ET AL. | CIVIL ACTION |
| VERSUS | |
| CITY OF BATON ROUGE/<br>PARISH OF EAST BATON ROUGE, ET AL. | NO.: 17-00028-BAJ-RLB |

## RULING AND ORDER

Before the Court is the second **Motion to Dismiss All Remaining Claims (Doc. 89)** filed by Defendant, Dr. Robert Blanche ("Dr. Blanche") seeking dismissal, under Federal Rule of Civil Procedure 12(b)(6), of all remaining claims against him that were asserted in the First Amended Complaint (Doc. 23). The Court granted in part and denied in part Dr. Blanche's first Motion to Dismiss. (Doc 68). Thus, the only claims by Plaintiffs, Hosey Colbert and Shantita Colbert, remaining against Dr. Blanche are the claims asserted against Dr. Blanche in his alleged official capacity (*Monell* liability) and the claims alleging his failure to supervise or train prison medical staff. Plaintiffs filed an Opposition to the second motion. (Doc. 93). For the reasons explained herein, the **Motion to Dismiss All Remaining Claims (Doc. 89)** is **DENIED**.

Also before the Court is the **Motion to Reconsider (Doc. 92)** filed by Plaintiffs, seeking reconsideration of the Court's Ruling and Order, which dismissed Defendants, Dr. Charlie H. Bridges ("Dr. Bridges") and Dr. Blanche without

1

prejudice. (Doc. 88). Plaintiffs assert that the Ruling and Order conflicts with a prior decision in this case, and overlooks the law on the constitutional standard of health care. (Doc. 92-1 at p. 1). The motion is unopposed. For the reasons explained herein, the **Motion to Reconsider (Doc. 92)** is **GRANTED IN PART and DENIED IN PART**.

I. MOTION TO DISMISS

As a threshold matter, the Court notes that Dr. Blanche's motion is procedurally improper under Fed. R. Civ. P. 12(g). Federal Rule of Civil Procedure 12(g)(2) provides: "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(h)(1) provides that the defenses listed in Rule 12(b)(2)-(5) are waived if not raised in its first motion under Rule 12 or its responsive pleading. However, Rule 12(h)(2) provides that the defense afforded by 12(b)(6), failure to state a claim upon which relief can be granted, can be raised in any pleading allowed or ordered under Rule 7(a), by a Rule 12(c) motion for judgment on the pleadings, or at trial.

Here, Dr. Blanche filed his first Rule 12(b)(6) motion on November 13, 2017, in response to the First Amended Complaint. (Doc. 68). Notably, his objections to the claims asserted against him in his alleged official capacity (*Monell* liability) and the claims alleging his failure to supervise or train prison medical staff were available to him, but omitted from his first motion. (*See* Doc. 40 at p. 24 and ¶ 77; Doc. 68).

2

Although Rule 12(h)(2) preserves Rule 12(b)(6) in certain instances, this case is not one of those instances. The second Motion to Dismiss is not in response to any pleading allowed or ordered under Rule 7(a);[1] rather, it is in response to the Court's Ruling and Order granting in part and denying in part Dr. Blanche's first motion to dismiss. Additionally, the second Motion to Dismiss is not raised by a Rule 12(c) motion for judgment on the pleadings, and it is not being raised at trial. *See* Fed. R. Civ. P. 12(h)(2). Therefore, Dr. Blanche is not permitted to make another Rule 12(b)(6) motion raising his defenses or objections because they were readily available to him, but omitted from his first motion. For this reason, the second motion is denied.

## II. MOTION FOR RECONSIDERATION

Plaintiffs request that the Court reconsider three specific issues relating to Dr. Blanche and Dr. Bridges: (1) Plaintiff's *Monell* and (2) conditions of confinement claims, and (3) the finding that Dr. Blanche was "quite attentive" to Colbert's medical needs[2] (Doc. 88 at p. 18). (Doc. 92-1 at p. 2 n.7). The Plaintiffs further request that

---

[1] Under Fed. R. Civ. P. 7(a), "[o]nly these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."

[2] Under the third issue, Plaintiffs argue that the Court's finding that "Dr. Blanche was quite attentive to Colbert's medical needs," thus, Plaintiffs failed to allege that Dr. Blanche was deliberately indifferent, conflicts with prior decisions from the United States District Court for the Middle District of Louisiana challenging conditions at the East Baton Rouge Parish Prison ("EBRPP"). Plaintiffs cite to two of the multiple lawsuits to arise from EBRPP, where motions to dismiss were denied even though the deceased had multiple contacts with health care professionals. *See O'Quin v. Gautreaux*, 2015 WL 1478194, *11 (M.D. La. Mar. 31, 2015), *appeal dismissed* (July 7, 2015); *see also Cleveland v. Gautreaux*, 198 F.Supp.3d 717, 726-28 (M.D. La. 2016). Nonetheless, the Court did not base its entire ruling on one allegation. Rather, there were multiple allegations in the complaint regarding Dr. Blanche, none of which plausibly pleaded the standard for deliberate indifference. For this reason and the reasons provided in the previous order (Doc. 88), the Motion to Reconsider is denied on this specific issue.

the Court render a ruling that is consistent with its prior January 9, 2018 Ruling and Order ("January Order") (Doc. 82) on the Motions to Dismiss (Docs. 43, 61) filed by Defendants, City of Baton Rouge/Parish of East Baton Rouge, Prison Medical Services, Rintha Simpson; and Defendants, Sheriff Sid J. Gautreaux, III, and Warden Dennis Grimes. (Doc. 92-1 at p. 4). Specifically, the January Order denied each motion to dismiss with respect to the *Monell* claims, *Monell v. Dep't. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), brought against the Defendants; and it denied the motions to dismiss the claims raised under a "conditions of confinement" theory of liability, *Shepherd v. Dallas County*, 591 F.3d 445 (5th Cir. 2009), brought against the Defendants. (Doc. 82).

The Court agrees that the rulings are inconsistent. Pursuant to Federal Rule of Civil Procedure 54(b) "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Here, Dr. Bridges and Dr. Blanche have been sued in their official capacities as medical personnel at EBRPP. (Doc. 40 at ¶¶ 8–9). The jurisprudence is very clear that when a claimed government official is sued in his official capacity, it is the same as a suit against the government entity of which he is claimed to be an agent. *Burge v. Parish of St. Tammany*, 187 F. 3d 452, 466 (5th Cir. 1999) (citing *Monell*, 436 U.S. at 691 n. 55). Accordingly, to proceed against Dr. Bridges and Dr. Blanche in their alleged official capacities, is the same as proceeding against the municipality for

4

which they supplied medical services, that is, the City of Baton Rouge/Parish of East Baton Rouge. Therefore, for the reasons explained in the January Order (Doc. 82), the *Monell* liability and conditions of confinement claims alleged against Dr. Bridges and Dr. Blanche, to the extent they were dismissed, are reinstated.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Dr. Blanche's **Motion to Dismiss All Remaining Claims (Doc. 89)** is **DENIED.** The following claims against Dr. Blanche remain in this matter: the official capacity claim and the failure to supervise or train claim.

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion to Reconsider (Doc. 92)** is **GRANTED IN PART and DENIED IN PART.** The *Monell* liability and conditions of confinement claims brought by Plaintiffs against Dr. Bridges and Dr. Blanche in their official capacities are hereby **REINSTATED.**

Baton Rouge, Louisiana, this 13th day of July, 2018.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA